CASE No. 1070.

BROWN v. BUTTZ.

1. A jury cause, after issue joined, was, by mistake of the clerk, docketed on Calendar 2, and, after the juries were dismissed for the term, was transferred to Calendar 1, when defendant made a motion to dismiss the complaint for not stating facts sufficient to constitute a cause of action. *Held,* that the Circuit judge committed no error in then hearing and deciding the motion.
2. A trial justice has no power to vacate for fraud a judgment obtained in his court, especially after a transcript has been filed in the Circuit Court.
3. The trial judge properly declined to vacate a judgment for fraud where the action was not shaped to that end, but was for damages for trespass in levying execution upon plaintiff's property.
4. Where the law authorizes a trial justice to appoint a clerk, a transcript of a judgment, which was rendered by such trial justice, is properly signed by his clerk.
5. Upon appeal taken to this court from an order dismissing an action for damages in levying upon property under execution, based upon an alleged invalid judgment, the Circuit judge is not required by Section 360 of the code of procedure to order a stay of proceedings under such judgment, pending the appeal; it is a matter of discretion with the Circuit judge.

Before MACKEY, J., Charleston, February, 1881.

Action commenced December 18th, 1880, by Judith Brown against D. H. Buttz. The complaint alleged the facts stated in the opinion of this court, and none others, claimed $100 damages, and prayed judgment for such damages, and for the vacation of the transcript. No fraud was alleged. Other facts are stated in the opinion.

*Mr. W. M. Thomas,* for appellant.

*Mr. S. J. Lee,* contra.

August 1st, 1881. The opinion of the court was delivered by SIMPSON, C. J. The complaint in this case alleges that one J. W. Polite recovered judgment against the plaintiff (appellant)

in the court of a judicial trial justice, in Charleston, for $35 and costs; that this judgment, upon a transcript signed by the clerk of the trial justice, was entered in the Circuit Court; that at the same time the said judgment was assigned by Polite to the defendant (respondent) Buttz; that the trial justice afterwards vacated this judgment for fraud; that Buttz was requested to vacate the transcript, which he declined to do, and proceeded to levy his execution on plaintiff's property. To this complaint the defendant answered, claiming that he purchased the judgment for valuable consideration, and denying the fraud and damages.

The case, as it seems, was to be placed on Calendar 1, to be tried by the jury; the clerk, however, by some mistake, placed it on No. 2. This was not discovered until after the juries had been dismissed, when it was taken from No. 2 and docketed on No. 1. On this calendar the defendant moved to dismiss the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The presiding judge granted this motion.

The plaintiff has appealed upon the grounds following:

" 1. Because it was error for the judge to hear a motion to dismiss the complaint against plaintiff's objections before the trial of the cause and without notice to the plaintiff.

" 2. It was error in the judge to hold that the judicial trial justice had no power to set aside a judgment of the judicial trial justice court for fraud.

" 3. Because, if the judicial trial justice had no such power, the judge of the Circuit Court should have set it aside.

" 4. Because a transcript by the clerk of the judicial trial justice court is not a judgment of the Circuit Court.

" 5. Because the judge should have granted a stay of proceedings, as requested by the plaintiff's attorney, until the decision of the Appeal Court."

We do not think that the appellant can take anything by her appeal on any of the grounds stated. The fact that the clerk made a mistake in placing the case, in the first instance, on Calendar No. 2, and afterward removed it to No. 1, when the juries had been dismissed, did not preclude the defendant from inter-

posing the demurrer upon which the complaint was dismissed. A jury was not necessary to the hearing of this demurrer. It involved legal grounds and could be addressed only to the court. It was a preliminary motion, and necessarily preceded the trial, and could be heard as well in the absence of the jury as if they were present.

A demurrer upon the ground that the facts alleged do not constitute a sufficient cause of action, like that which excepts to the jurisdiction of the court, is not to be deemed waived, because not presented either by answer or by formal demurrer. It is always in order when the case is reached on the calendar, and no formal notice need be given to the other side. A party plaintiff is supposed at all times to be prepared to vindicate the action which he has deliberately instituted against a demurrer of this kind, raising, as it does, only issues of law.

2. Did the trial justice transcend his powers in vacating for fraud the judgment which had been obtained in his court, especially after it had become a judgment of the Circuit Court by the filing of a transcript in that court?

A trial justice court is one of limited jurisdiction. Its boundary is prescribed by the acts which have created it, and which have invested it with its powers. We must look to these acts to ascertain the limit of its jurisdiction. Judicial trial justices, under that name and title, exist only in the city of Charleston; but the jurisdiction of this officer does not differ materially from the trial justices in the other counties of the state. The act defining the civil jurisdiction of trial justices, which applies to judicial trial justices as well as to others, is found incorporated in the code.

In this act the jurisdiction of these courts is specially defined and limited, without enumerating the different classes of cases in which jurisdiction is conferred. It is enough to say that nowhere in this act, nor in any subsequent act, have trial justices been invested with power to grant relief in cases of fraud, except in the single case of an action for damages, for fraud in the sale, purchase or exchange of personal property, where the damages claimed do not exceed $100. There is no general jurisdiction conferred over the subject of fraud. It is confined to the case

mentioned, and the power of the trial justice cannot be extended beyond such a case. It is true, that by the act of 1874 trial justices may grant new trials for reasons for which new trials have usually been granted in the courts of law of the United States, provided the motion is made within five days after the rendition of the judgment; and, provided further, that the new trial shall be had only before the trial justice who first heard the case.

It does not appear in this case that the judgment was vacated on motion for a new trial, made within five days after judgment rendered. From the statements made in the brief, it is inferred that the judgment was attacked for fraud, and that it was vacated permanently by an original proceeding to that end. This, we think, the trial justice had no power to do. Hence, there was no error in the ruling of the Circuit judge as to this exception.

3. It is claimed by appellant that if the trial justice had no power to vacate this judgment the Circuit Court should have set it aside. The Circuit Court, no doubt, has jurisdiction of fraud in all of its phases ; and, upon a proper case made, its powers in this respect—which are full and complete—can be successfully invoked. But to accomplish this result the proceeding must be shaped to that end. In this case the action was not to set aside the judgment, but it was brought to recover damages for an alleged trespass by the defendant upon property of the plaintiff. The judgment in question was only incidentally involved, and although in the prayer of the complaint the vacation of this judgment was asked, yet the main issue was as to the trespass, and the main relief sought was damages for this alleged trespass.

4. The fourth exception assails the validity of the transcript filed in the Circuit Court, on the ground that it was signed by the clerk of the trial justice instead of the trial justice himself.

Section 90 of the code provides that a trial justice, on the demand of a party in whose favor he shall have rendered a judgment, shall give a transcript thereof, which may be filed and docketed in the office of the clerk of the county where judgment was rendered, and from that time the judgment so filed shall be a judgment of the Circuit Court. Section 12 of the act approved December 14th, 1878, regulating the practice and duties

of trial justices' courts in the city of Charleston, authorizes the judicial justices of that city to appoint a clerk.   16 *Stat.* 685.

Now there is nothing in this act in reference to the transcript which requires that it shall be signed by the trial justice himself. Of course it should be properly authenticated, and with those trial justices who have no clerk, there is no one else to certify the transcript but the trial justice himself, and, in such case, his signature is necessary to authenticate the paper, and to authorize the clerk of the Circuit Court to file it.   But with the judicial trial justices who have, by law, a clerk regularly appointed, his authentication of the judgment, rendered and signed by the trial justice, and enrolled as the act requires, would seem to be not only all that is necessary, but, from analogy, the exact legal mode of transmitting the transcript to the higher court.   This was the mode adopted in this case, and we think that this was a compliance with the law.

5. On dismissing the complaint the judge refused, without a bond, to stay proceedings until the appeal could be heard in this court, and this is the foundation for the fifth exception.

Section 360 of the code authorizes a party, after giving notice of appeal from a judgment rendered against him, directing the payment of money, to apply to the presiding judge to stay execution; but this section does not require, in mandatory terms, that the application shall be granted.   It seems to be a matter of discretion with the judge.   In other cases the code provides for the stay of proceedings according to the character of the judgment rendered.   There was no error of law, that we can see, in the refusal of the judge to grant plaintiff's motion.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.

McIVER and McGOWAN, A. J.'s, concurred.